IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FLOYD RAYMOND LOOKER, JR.,

    Petitioner,

v.                                    Civil Action No. 1:99CV181
                                    (Criminal Action No. 1:96CR43-01)
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION RELATING BACK TO ORIGINAL**
**28 U.S.C. § 2255 PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE RULE 15(c)(1)(B)**

I.  Background

A grand jury indicted the pro se[1] petitioner, Floyd Raymond Looker, Jr. ("Looker"), on November 8, 1996 along with six other members of the Mountaineer Militia. The petitioner was named in four counts of the indictment. Looker was charged with one count of conspiracy in violation of 18 U.S.C. § 371 and one count of providing material support to terrorists in violation of 18 U.S.C. § 2339A. A jury convicted the petitioner in Criminal Action 1:96-cr-41. Thereafter, the petitioner entered guilty pleas with respect to the remaining three cases pending against him, including this case. Pursuant to the plea agreement, all four cases were consolidated for sentencing purposes. This Court sentenced the petitioner to a term of 160 months imprisonment and to an additional term of imprisonment of 56 months for the terrorism

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

offenses in Criminal Action No. 1:96-cr-43. The petitioner appealed his conviction to the United States Court of Appeals for the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed the petitioner's conviction.

On October 5, 1999, the petitioner filed his first motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The motion was denied by this Court on October 16, 2002. The petitioner then filed a notice of appeal, and the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal on March 25, 2003. On September 30, 2004, the Fourth Circuit denied the petitioner's motion to file a successive application for relief.

On June 21, 2010, the petitioner filed his current motion relating back to original 28 U.S.C. § 2255 pursuant to Federal Rule of Civil Procedure 15(c)(1)(B). For the reasons set forth below, this Court finds that the petitioner's motion should be denied.

## II. Applicable Law

Title 28, United States Code, Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. A § 2255 petition is successive when the first petition was dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002).

### III. Discussion

In this case, this Court considered and denied on the merits the petitioner's first § 2255 motion. The petitioner's current motion is essentially a subsequent petition under § 2255, which challenges the same sentence that was challenged in his first § 2255 motion. The petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion in this Court. Because the petitioner did not obtain the appropriate authorization from the Fourth Circuit to file a second or successive § 2255 petition, this Court must dismiss petitioner's motion for lack of jurisdiction.

Even if this Court did not find that the petitioner's motion is a successive § 2255, the motion is without merit. Federal Rule of Civil Procedure 15(c)(1)(B) provides for the relation back of late amendments to a timely filed original petition when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." To the extent the petitioner is alleging ineffective assistance of counsel, the motion does not raise any issues on which this Court has not already made a ruling. Therefore, this Court finds that the petitioner's motion for amendment is futile. Accordingly, the petitioner's motion relating

back to original 28 U.S.C. § 2255 pursuant to Rule 15(c)(1)(B) is denied.

IV. Conclusion

For the reasons set forth above, the petitioner's motion relating back to original 28 U.S.C. § 2255 pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED: August 17, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE